IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

SHARON HOOVER,

    Plaintiff,

v.                                    CASE NO. 2:09-cv-00009

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.

**MEMORANDUM OPINION**

This is an action seeking review of the decision of the Commissioner of Social Security denying Plaintiff's application for disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401-433. This case is presently pending before the court on Plaintiff's Motion for Summary Judgment.[1] Both parties have consented in writing to a decision by the United States Magistrate Judge.

Plaintiff, Sharon Hoover (hereinafter referred to as "Claimant"), filed an application for DIB on July 19, 2005, alleging disability as of December 1, 1989, due to problems with anxiety, panic attacks and depression. (Tr. at 52-54, 60.) The

---

[1] The court reminds Plaintiff that pursuant to Local Rule of Civil Procedure 9.4(a), the parties need not file motions for summary judgment or motions in support of judgment on the pleadings. Instead, Plaintiff should file "a brief in support of the complaint," while Defendant files "a brief in support of the defendant's decision." Local Rules of the United States District Court for the Southern District of West Virginia, Local Rule of Civil Procedure 9.4(a).

claim was denied initially and upon reconsideration. (Tr. at 34-36, 38-42.) On March 30, 2006, Claimant requested a hearing before an Administrative Law Judge ("ALJ"). (Tr. at 33.) The hearing was held on April 25, 2007, before the Honorable Donald McDougall. (Tr. at 225-55.) By decision dated September 25, 2007, the ALJ determined that Claimant was not entitled to benefits. (Tr. at 11-20.) The ALJ's decision became the final decision of the Commissioner on December 10, 2008, when the Appeals Council denied Claimant's request for review. (Tr. at 4-6.) On January 7, 2009, Claimant brought the present action seeking judicial review of the administrative decision pursuant to 42 U.S.C. § 405(g).

Under 42 U.S.C. § 423(d)(5), a claimant for disability has the burden of proving a disability. See Blalock v. Richardson, 483 F.2d 773, 774 (4th Cir. 1972). A disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable impairment which can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A).

The Social Security Regulations establish a "sequential evaluation" for the adjudication of disability claims. 20 C.F.R. § 404.1520 (2007). If an individual is found "not disabled" at any step, further inquiry is unnecessary. Id. § 404.1520(a). The first inquiry under the sequence is whether a claimant is currently engaged in substantial gainful employment. Id. § 404.1520(b). If

the claimant is not, the second inquiry is whether claimant suffers from a severe impairment. Id. § 404.1520(c). If a severe impairment is present, the third inquiry is whether such impairment meets or equals any of the impairments listed in Appendix 1 to Subpart P of the Administrative Regulations No. 4. Id. § 404.1520(d). If it does, the claimant is found disabled and awarded benefits. Id. If it does not, the fourth inquiry is whether the claimant's impairments prevent the performance of past relevant work. Id. §§ 404.1520(e). By satisfying inquiry four, the claimant establishes a prima facie case of disability. Hall v. Harris, 658 F.2d 260, 264 (4th Cir. 1981). The burden then shifts to the Commissioner, McLain v. Schweiker, 715 F.2d 866, 868-69 (4th Cir. 1983), and leads to the fifth and final inquiry: whether the claimant is able to perform other forms of substantial gainful activity, considering claimant's remaining physical and mental capacities and claimant's age, education and prior work experience. 20 C.F.R. § 404.1520(f) (2007). The Commissioner must show two things: (1) that the claimant, considering claimant's age, education, work experience, skills and physical shortcomings, has the capacity to perform an alternative job, and (2) that this specific job exists in the national economy. McLamore v. Weinberger, 538 F.2d 572, 574 (4th Cir. 1976).

In this particular case, the ALJ determined that Claimant satisfied the first inquiry because she has not engaged in

substantial gainful activity since her alleged onset date on December 1, 1989, through her date last insured on September 30, 1995. (Tr. at 13.) Under the second inquiry, the ALJ found that Claimant had the medically determinable impairments of history of abdominal hysterectomy with carcinoma-in-situ resulting in abdominal hysterectomy in 1991 with normal pelvis on follow up, history of pelvic congestion syndrome, history of mammary dysplasia with dense breasts without evidence of neoplasm or malignancy in 1994, history of anxiety in 1990 and 1985 documented post date last insured in January 1996, but that these impairments were not severe. (Tr. at 13-14.) On this basis, benefits were denied. (Tr. at 20.)

Scope of Review

The sole issue before this court is whether the final decision of the Commissioner denying the claim is supported by substantial evidence. In Blalock v. Richardson, substantial evidence was defined as

> "evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is 'substantial evidence.'"

Blalock v. Richardson, 483 F.2d 773, 776 (4th Cir. 1972) (quoting Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966)). Additionally, the Commissioner, not the court, is charged with

4

resolving conflicts in the evidence. <u>Hays v. Sullivan</u>, 907 F.2d 1453, 1456 (4th Cir. 1990). Nevertheless, the courts "must not abdicate their traditional functions; they cannot escape their duty to scrutinize the record as a whole to determine whether the conclusions reached are rational." <u>Oppenheim v. Finch</u>, 495 F.2d 396, 397 (4th Cir. 1974).

A careful review of the record reveals the decision of the Commissioner is supported by substantial evidence.

<u>Claimant's Background</u>

Claimant was forty-one years old at the time her insured status expired. (Tr. at 230.) Claimant graduated from high school. (Tr. at 230.) In the past, she worked as a magistrate's assistant and testified that she left that position in 1989 because of panic attacks. (Tr. at 231-32.)

<u>The Medical Record</u>

The court has reviewed all evidence of record, including the medical evidence of record, and will discuss it further below as necessary.

<u>Claimant's Challenges to the Commissioner's Decision</u>

Claimant asserts that the Commissioner's decision is not supported by substantial evidence because (1) the ALJ erred in failing to find that Claimant was disabled prior to her date last insured; and (2) the ALJ erred in failing to give sufficient weight to the opinion of Claimant's treating physician, Dr. Stewart.

(Pl.'s Br. at 6-10.)

The Commissioner argues that (1) the ALJ's finding that Claimant's impairments were not severe prior to her date last insured is supported by substantial evidence; and (2) the ALJ properly rejected the opinion of Dr. Stewart dated March 2006. (Def.'s Br. at 1-8.)

The court finds that the ALJ's determination that Claimant was not disabled prior to her date last insured on September 30, 1995, is supported by substantial evidence. Although Claimant alleges panic attacks, anxiety and carpal tunnel syndrome during the relevant time period, there is very little objective evidence of record from that period. The record includes treatment notes from Russell Stewart, D.O. dated September 14, 1989, July 29, 1991, December 17, 1991, June 11, 1992, October 12, 1992, November 12, 1992, October 14, 1993, October 25, 1993, December 12, 1994, January 9, 1995, April 28, 1995, and May 1, 1995, primarily for treatment of cancer resulting in hysterectomy, as well as routine health issues. Dr. Stewart's treatment notes from the relevant time period make no mention of the above-mentioned impairments. (Tr. at 201-02, 204-06, 208-09, 212, 215.) Dr. Stewart first mentions panic attacks in a treatment note dated January 12, 1996. (Tr. at 200.) On March 31, 2006, well after the expiration of Claimant's insured status, Dr. Stewart completed a Medical Assessment of Ability to do Work-Related Activities (Physical).

Dr. Stewart noted Claimant's diagnoses of osteoporosis in the left knee, carpal tunnel syndrome and panic disorder, and opined that Claimant was limited to less than a full range of sedentary work. (Tr. at 217-20.)

The record also includes results of a mammogram in 1994, which showed dense breasts bilaterally, but was otherwise negative. (Tr. at 203.) In August of 1991, after a pap smear showed a Class III study with cytology compatible with endocervical dysplasia, a colposcopically directed biopsier and endocervical currettage revealed carcinoma-in-situ, and Claimant underwent an abdominal hysterectomy. (Tr. at 210-11.) Claimant testified at the administrative hearing that she was treated by a therapist in the mid-1990s. (Tr. at 235.) The ALJ kept the record open, but no records from the therapist were located. (Tr. at 224, 254.)

Finally, on September 16, 2005, a State agency medical source completed a Psychiatric Review Technique form for the relevant time period and opined that the evidence of record related to Claimant's mental impairment was insufficient. (Tr. at 108-21.) On January 31, 2006, the assessment was affirmed by a second State agency medical source. (Tr. at 122.)

In his decision, the ALJ determined that Claimant had the medically determinable impairments of history of abdominal hysterectomy with carcinoma-in-situ resulting in abdominal hysterectomy in 1991 with normal pelvis on follow up, history of

pelvic congestion syndrome, history of mammary dysplasia with dense breasts without evidence of neoplasm or malignancy in 1994, history of anxiety in 1990 and 1985 documented post date last insured in January 1996. (Tr. at 13-14.) The ALJ determined that these medically determinable impairments did not significantly limit Claimant's ability to perform basic work-related activities. (Tr. at 14.)

In making this finding at step two of the sequential analysis, the ALJ considered Claimant's subjective complaints, as he is required to do pursuant to Social Security Ruling ("SSR") 96-3p, 1996 WL 362204, at *34469 (July 2, 1996). Furthermore, the ALJ gave Claimant the benefit of the doubt in finding that Claimant's mild anxiety was a medically determinable impairment prior to her date last insured in light of Dr. Stewart's treatment note in January of 1996, noting that Claimant had panic attacks "at times." (Tr. at 200.) However, the ALJ determined that "more than that cannot be sustained in ... light of the collective medical evidence which does not support any severe impairment, whether singularly or collectively considered, durationally prior to the expiration of claimant's [date last insured]." (Tr. at 16-17.) The ALJ's determination is supported by substantial evidence.

Regarding the weight afforded Dr. Stewart's opinion in 2006, that Claimant was capable of performing less than a full range of sedentary work, the ALJ stated that

> [w]hile the claimant might be so limited now, this

8

> current opinion is in large part attributed to physical issues. Regardless, there is no retrospective opinion of disability to support the same prior to the expiration of the claimant's date last insured status. Accordingly, there is no controlling weight attributed to the treating physician opinion as to the period prior to the expiration of the date last insured.

(Tr. at 19.) The ALJ's findings are in keeping with the applicable regulation and case law. 20 C.F.R. § 404.1527(d)(2) (2007); Ward v. Chater, 924 F. Supp. 53, 55 (W.D. Va. 1996) (A treating physician's opinion is afforded "controlling weight only if two conditions are met: (1) that it is supported by clinical and laboratory diagnostic techniques and (2) that it is not inconsistent with other substantial evidence."). Furthermore, while "medical evaluations made subsequent to the expiration of a claimant's insured status are not automatically barred from consideration and may be relevant to prove a previous disability," Wooldridge v. Bowen, 816 F.2d 157, 160 (4th Cir. 1987), Dr. Stewart's assessment was completed over ten years after Claimant's insured status expired, and does not suggest in any way that Claimant's current impairments relate back to the relevant time period.

After a careful consideration of the evidence of record, the court finds that the Commissioner's decision is supported by substantial evidence. Accordingly, by Judgment Order entered this day, the Plaintiff's Motion for Summary Judgment is DENIED, the final decision of the Commissioner is AFFIRMED and this matter is

DISMISSED from the docket of this court.

The Clerk of this court is directed to transmit copies of this Order to all counsel of record.

ENTER: May 20, 2010

*Mary E. Stanley*
Mary E. Stanley
United States Magistrate Judge